UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN COX,<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRST STUDENT INC.,<br><br>                    Defendant. | CASE NO. 3:25-cv-05497-DGE<br><br>ORDER GRANTING STAY OF DISCOVERY |

**I      INTRODUCTION**

This motion comes before the Court on Defendant's motion to stay discovery (Dkt. No. 11) pending resolution of Defendant's motion to compel arbitration. (Dkt. No. 9.) Plaintiff opposes this motion. For the reasons discussed, Defendant's motion is GRANTED.

**II     BACKGROUND**

On September 9, 2025, Defendant filed a motion to compel arbitration, arguing that Plaintiff's claims fell within the scope of a valid and enforceable arbitration agreement. (Dkt. No. 9.) The same day, Defendant filed a motion to stay discovery pending the Court's decision

on the motion to compel arbitration. (Dkt. No. 11.) Defendant argues a stay is appropriate because Plaintiff is demanding discovery prior to resolution of the arbitration issue, "imposing undue burden and expense" on both Defendant and the Court. (*Id.* at 1–2.) Plaintiff failed to meet his September 18 deadline to respond to the motion. On September 19, Defendant filed a reply, arguing that under Local Civil Rule 7(d)(2), Plaintiff's failure to respond functioned as an "admission First Student's Motion has merit." (Dkt. No. 12 at 1.)

On September 22, Plaintiff filed his response in opposition to the motion to stay discovery (Dkt. No. 13) and his own motion for extension of time to file said response. (Dkt. No. 16.) In his motion for extension of time, Plaintiff states his counsel learned of a family medical emergency on September 9, the date Defendant filed both its motions. (*Id.* at 2.) Plaintiff's counsel "mistakenly calendared" the response deadline for the motion to stay. (*Id.*) After the deadline passed and upon learning of this mistake, Plaintiff's counsel apparently reached out to Defendant's counsel but received no response. (*Id.*) Plaintiff filed the motion for extension of time "in the interest of transparency" and to avoid further delay. (*Id.*)

### III    DISCUSSION

"[A] district court has wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "may relieve a party of the burdens of discovery while a dispositive motion is pending." *Williams v. Washington*, Case No. 2:23-CV-914-TL-DWC, 2023 WL 5579589, at *1 (W.D. Wash. Aug. 29, 2023); *see also Heckman v. Washington*, Case No. C04-5447RJB, 2005 WL 1532961, at *2 (W.D. Wash. June 24, 2005) ("A district court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A stay of discovery is appropriate when a pending dispositive motion (1) is "potentially dispositive of the entire case" and (2) "can be decided without additional discovery." *Ahern Rentals, Inc. v.*

*Mendenhall*, Case No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020).[1]

Although the Ninth Circuit has not expressly held that a motion to compel is a dispositive motion, several district courts in the circuit have. *E.g.*, *AMA Multimedia, LLC v. Borjan Sols.*, Case No. 2:15–cv–01673–JCM–GWF, 2016 WL 1572705, at *2 (D. Nev. Feb. 8, 2016) (discussing district courts' various approaches and granting a stay pending resolution of arbitration).

Here, Defendant argues there is no reason to respond to Plaintiff's discovery requests until the motion to compel arbitration is ruled upon. (Dkt. No. 11 at 1.) Defendant argues that, if granted, the motion to compel arbitration "is potentially dispositive" of the entire case because all of Plaintiff's claims arise out of his employment agreement. (*Id.* at 9.) Defendant further argues that no discovery is needed to resolve the motion to compel, because the only document needed to decide the motion is the arbitration agreement itself—which was attached to Plaintiff's complaint as an exhibit. (*Id.* at 8; Dkt. No. 1-3 at 27–39). And finally, Defendant argues Plaintiff will not be prejudiced by the delay, because the stay will likely be brief, and it will prevent the Court from expending judicial resources resolving discovery disputes which may not be necessary. (Dkt. No. 11 at 10.)

---

[1] The Ninth Circuit has not established a "clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending." *Nguyen v. BMW of N. Am., LLC*, Case No.: 20CV2432-JLS(BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021). The two-part test discussed *supra* is sometimes replaced in favor of a five-part test. *See Lomibao v. AGC Biologics, Inc.*, Case No. 2:25-cv-00361-JHC, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025) (the factors include "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) 'the possible damage which may result from the granting of a stay'; (4) 'the hardship or inequity which a party may suffer in being required to go forward'; and (5) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). Regardless of the test, the Court determines that a stay is warranted in this case.

ORDER GRANTING STAY OF DISCOVERY - 3

In response, Plaintiff argues the pending motion will not be dispositive of the entire case, because at least two of his causes of action do not fall within the scope of the arbitration agreement. (Dkt. No. 13 at 11.) Plaintiff further argues that a stay would prejudice him because he remains limited by the noncompetition covenant. (*Id.* at 12.) In sum, Plaintiff opposes the stay because it would "complicate [the case] by further delaying resolution." (*Id.*) Beyond this general opposition on the basis of delay, however, Plaintiff does not argue that discovery is necessary to resolve the motion to compel arbitration. (*Id.*)

For the first factor, in taking a "preliminary peek" at the merits of the motion, *see HDT Bio Corp. v. Emcure Pharms., Ltd.*, Case No. C22-0334JLR, 2022 WL 2106160, at *2 (W.D. Wash. June 10, 2022) (citation omitted), the Court agrees with Defendant that the motion to compel arbitration could potentially dispense of the case. Defendant argues that because all of Plaintiff's claims arise out of his employment agreement, and because there is "nothing in the Complaint to suggest that the . . . Arbitration Agreement is unenforceable," the motion to compel is dispositive. (Dkt. No. 11 at 10.) Plaintiff notes that while the Court may compel arbitration of "some claims," his claims related to the enforceability of the noncompetition agreement and Defendant's alleged failure to provide his personnel file do not fall within the scope of the arbitration agreement. (Dkt. No. 13 at 11.) The Court need not weigh in on these arguments now. Even if the motion would not be completely dispositive, granting a stay of discovery may nevertheless be appropriate where resolution of the motion "will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery." *Pac. Surf Designs, Inc. v. Whitewater W. Indus., Inc.*, Case No. 20cv1464-BEN(BLM), 2021 WL 3080061, at *2 (S.D. Cal. July 21, 2021). Here, Defendant's motion to compel arbitration, if

ORDER GRANTING STAY OF DISCOVERY - 4

granted, would at a minimum considerably narrow the issues in this case and would impact the scope of discovery.

And with respect to the second factor, additional discovery does not appear to be necessary to resolve the motion to compel. Defendant argues the only relevant document is the arbitration agreement itself, which Plaintiff attached to his complaint. (Dkt. No. 11 at 8; *see also* Dkt. No. 1-3 at 27–39.) The Court acknowledges Plaintiff's desire to move the case forward generally, but Plaintiff does not point to any specific discovery that is required to resolve the motion to compel arbitration. (*See* Dkt. No. 11 at 12.) Additional considerations, including judicial efficiency and the burden on the parties in engaging in potentially unnecessary discovery, further warrant a stay.

Accordingly, Defendants' motion to stay discovery (Dkt. No. 11) pending resolution of the motion to compel arbitration (Dkt. No. 9) is GRANTED. Plaintiff's motion for an extension of time to file a response to the motion to stay (Dkt. No. 16) is GRANTED as the Court has considered Plaintiff's arguments in deciding the motion to stay.

Dated this 29th day of September 2025.

David G. Estudillo
United States District Judge