UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN COX,<br><br>                    Plaintiff,<br>     v.<br><br>FIRST STUDENT INC.,<br><br>                    Defendant. | CASE NO. 3:25-cv-05497-DGE<br><br>ORDER ON MOTION TO SEAL (DKT. NO. 25) |

### I        INTRODUCTION

This matter comes before the Court on Defendant's motion to file under seal pursuant to Local Civil Rule 5(g).  (Dkt. No. 25.)  Plaintiff does not oppose the sealing of "truly confidential or proprietary" documents generally, but contests that the information at issue here meets that standard.  (Dkt. No. 27.)  His "non-opposition is made solely to avoid unnecessary delay."  (*Id.* at 1.)  Defendant submitted a reply in further support of its motion.  (Dkt. No. 28.)

## II  BACKGROUND

Defendant seeks to maintain under seal Exhibits B–J to the Declaration of Justin Cox attached to Plaintiff's opposition to Defendant's motion to compel arbitration. (Dkt. Nos. 22-2–22-10.)  In its motion to seal, Defendant states these exhibits are internal communications that "Plaintiff improperly took with him as he left [Defendant]'s employment."[1]  (Dkt. No. 25 at 1.)  Defendant argues these exhibits are "wholly irrelevant" to the question of the validity and enforceability of the arbitration agreement contained in Plaintiff's employment agreement and emphasizes that Plaintiff does not rely upon the exhibits in his opposition to the motion to compel arbitration.[2]  (*Id.* at 1–2.)  Defendant's position is that Plaintiff is instead using the exhibits "in an attempt to malign [Defendant]" and place confidential information about its business and employees into the public domain.  (*Id.* at 2.)

In response, Plaintiff states he does not oppose the "limited sealing of materials that qualify as truly confidential or proprietary under applicable law." (Dkt. No. 27 at 1.)  However, Plaintiff disputes that the contested exhibits meet this standard and states his position that the

---

[1] Plaintiff's possession of these communications—and the injunctive relief Defendant sought in Ohio state court against Plaintiff for having them—is one of the issues presented in the motion to compel arbitration and related briefing. (*See* Dkt. Nos. 9, 21, 23.) Defendant's position is that Plaintiff performed a "massive data transfer on the same day he resigned" (Dkt. No. 25 at 2), in which he downloaded "over 790MB of data from his First Student issued laptops to an external hard drive." (Dkt. No. 9 at 5.) The contested emails at issue here were apparently part of that transfer.

[2] Plaintiff refutes this claim in his "non-opposition," asserting the documents are indeed material to the issues before the Court. (*See* Dkt. No. 27 at 2.) As a general matter, the exhibits' relevance to the motion to compel arbitration (or lack thereof) has no bearing on whether the information itself is confidential under the applicable standard. *See Ohana Military Cmtys., LLC v. Barber*, Civil No. 18-00042 KJM, 2019 WL 13323121, at *3 (D. Haw. Feb. 14, 2019) (concluding that the claimed irrelevance of certain provisions of an agreement does not constitute a compelling interest to seal the provisions in the dispositive matter before the court). Therefore, the Court must still analyze whether the exhibits should be sealed, notwithstanding their purported irrelevance to the motion to compel arbitration.

contested exhibits "do not contain any trade secrets, confidential, or proprietary information." (*Id.*) Plaintiff adds the documents were previously produced in "unsealed form" in the Ohio litigation "without a confidentiality designation." (*Id.*)

### III    DISCUSSION

**A. Legal Standard**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.* "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has recognized that "'compelling reasons' . . . exist when [] 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private

spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Courts in this circuit have found compelling reasons for sealing documents that contain business and financial agreements. *See, e.g., In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, No. C 10–2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

**B. Exhibits**

The information in the exhibits that Defendant seeks to seal can be broken into two categories: business information related to Defendant's bus fleet and maintenance, and personally identifying information related to a nonparty and their termination.

Defendant states it keeps information related to the size of its school bus fleet and its maintenance issues confidential because "the size of its fleet has a direct correlation on its ability to meet customer demands, the amount it can charge for services, and its ability to compete with [its] competitors in the industry." (Dkt. No. 25 at 4.) According to Defendant, each of the contested exhibits contains information that must be shielded from misuse to protect its competitive advantage. (*Id.* at 7.) The exhibits it seeks to seal includes information related to (1) concerns about the maintenance of Defendant's bus fleet; (2) the number of Defendant's buses that were out of service, how long they were out of service, why they were out of service, and the return status for the buses; (3) Defendant's fleet numbers, including the "number of routes out of

budget"; (4) a non-party's concerns about compliance with "state certifications"; and (5) maintenance standards across Defendant's locations. (*Id.* at 3–4.)

"A privately held business's need for confidentiality with respect to sensitive business information is a compelling reason justifying sealing." *ImprimisRx, LLC v. OSRX, Inc.*, Case No. 21-cv-01305-BAS-DDL, 2024 WL 1269474, at *2 (S.D. Cal. Mar. 25, 2024). Further, courts often refuse to allow the public disclosure of confidential business information that could "'provide competitors insight into the parties' business operations,'" which might harm a litigant's competitive standing. *In re Bank of Am. Cal. Unemployment Benefits Litig.*, Case No.: 21MD2992-GPC(MSB), 2024 WL 4820704, at *6 (S.D. Cal. Nov. 12, 2024) (citation omitted); *see also In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) (documents that may harm a party's competitive standing include "customer information, internal reports, and other such materials").

However, the "mere fact the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Defendant argues Plaintiff's only reason for including the contested exhibits was to vindicate a "personal vendetta" against Defendant and publicly reveal information that may harm Defendant's business. (Dkt. No. 25 at 7.) But Defendant has not articulated a factual basis for this assertion; rather, Defendant relies on its belief that the contested exhibits contain what *Plaintiff* thinks is "harmful to [Defendant]'s reputation." (*Id.*) Defendant does not articulate what harm to its reputation, if any, would ensue if the contested exhibits remain unsealed. The Court declines to speculate and finds that the unspecified harm to Defendant's reputation is not sufficient, on its own, to merit sealing. *See Sjostrom v. Kraatz*, Case No. 16-cv-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21,

2016) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (a district court must "base its decision [to seal documents] on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture").

The Court also concludes Defendant's assertion that the "size of its fleet has a direct correlation on its ability to meet customer demands, the amount it can charge for services, and its ability to compete with [its] competitors in the industry" fails to satisfy the compelling reasons standard. (Dkt. No. 25 at 4.) Defendant does not explain *why* the information contained in these exhibits, which appears to deal with various bus safety concerns raised by employees, "directly correlates" with its ability to meet customer demands or how much it can charge, nor does it explain why, exactly, this information is proprietary. (*Id.*) Neither does Defendant explain *how* it would suffer competitively if the information in the contested exhibits was revealed to the public. *See Hodges v. Apple, Inc.*, Case No. 13–cv–01128–WHO (WHO), 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."). Simply defining the information as confidential and concluding it should not be publicly available "does not demonstrate [the exhibits] are properly sealable." *Fairbairn v. Fidelity Invs. Charitable Gift Fund*, Case No. 18-cv-04881-JSC, 2020 WL 6788864, at *1 (N.D. Cal. Mar. 2, 2020). The Court also notes Defendant's request is not narrowly tailored because it provides the same justification for sealing all seven exhibits. *See* LCR 5(g)(3)(A). Accordingly, Defendant's motion to seal Exhibits B, C, D, G, H, I, and J (Dkt. Nos. 22-2, 22-3, 22-4, 22-7, 22-8, 22-9, 22-10) is DENIED.

As to the personal non-party information, Defendant requests the Court seal the "communications involving investigations of another nonparty employee" because the disclosure

ORDER ON MOTION TO SEAL (DKT. NO. 25) - 6

of those communications "could harm the employee's reputation and ability to obtain other employment," whether with Defendant or another employer. (Dkt. No. 25 at 4.)  The communications at issue involve a non-party employee's failure to follow their supervisor's directives and the company's safety expectations, which led to their termination. (*Id.* at 3–4.)

"Courts have found compelling reasons exist to seal non-parties' personal information when such information is not central to the issues in the case." *3D Sys., Inc. v. Wynne*, Case No.: 21-cv-1141-AGS-DDL, 2024 WL 1122377, at *3 (C.D. Cal. Mar. 14, 2024) (citing *ImprimisRx,* 2023 WL 7029210, at *4).  This is in part because personally identifying information "could become a vehicle for improper purposes." *Id.* (citation omitted).  Information related to "performance issues, discipline, reasons for termination, and employment records" of third parties should be sealed because revealing such information could "lead to harassment and embarrassment for the third parties and infringes upon their privacy interests in keeping their employment records confidential." *eBay Inc v. Boch*, Case No. 19-cv-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Marc. 21, 2022) (granting motion to seal information pertaining to confidential employment records of third parties unrelated to the motion before the court).

Here, the Court agrees with Defendant that there are compelling reasons to seal Exhibits E and F, which reference the nonparty employee.  This is because the employee was investigated and disciplined for reasons unrelated to Plaintiff's lawsuit or Defendant's motion to compel arbitration, *see 3D Sys.*, 2024 WL 1122377, at *3, and the Court agrees that revealing this employee's personally identifying information could "harm the employee's reputation and ability to obtain other employment." (Dkt. No. 25 at 4.)  The Court notes there is information in Exhibits E and F that references several other non-party employees that were involved in the investigation.  (*See generally* Dkt. Nos. 22-5; 22-6.)  While Defendant did not request to seal

ORDER ON MOTION TO SEAL (DKT. NO. 25) - 7

these other employees' personal information, the Court believes similar compelling reasons exist to avoid infringing upon their privacy interests, especially as it relates to the sensitive issue of a colleague's termination. *See eBay*, 2022 WL 1131720, at *2. Further, because the information in Exhibits E and F is not central to Defendant's motion to compel arbitration, nor the litigation at large, the non-party employees' "strong interest[s]" in privacy outweigh the public's interest in accessing these documents. *Aevoe Corp. v. AE Tech. Co.*, No. 2:12–cv–00053–GMN–NJK, 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013) (citing *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09–1531–PHX–JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011), *on reconsideration,* 2011 WL 5190264 (D. Ariz. Nov. 1, 2011). Defendant's motion to seal Exhibits E and F (Dkt. Nos. 22-5, 22-6) is therefore GRANTED.

## IV    CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to seal (Dkt. No. 25). The Clerk is directed to seal Dkt. Nos. 22-5 and 22-6.

Dated this 1st day of December 2025.

David G. Estudillo
United States District Judge